# NOS. 12-19-00306-CR
# 12-19-00307-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *PAUL RAY JACKSON, SR.,* *APPELLANT* | § | *APPEALS FROM THE 173RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
## *PER CURIAM*

Paul Ray Jackson, Sr. appeals his convictions for possession of a controlled substance, and aggravated assault with a deadly weapon. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed.2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

### BACKGROUND

Appellant was charged by indictment with possession of a controlled substance, namely cocaine, in the amount of less than one gram, a state jail felony.[1] Appellant pleaded "guilty" to the charged offense. The trial court accepted Appellant's plea, found Appellant "guilty," assessed his punishment at confinement in a state jail facility for two years and a fine of $500.00, and ordered that Appellant be placed on community supervision for five years.

Further, Appellant was charged by indictment with aggravated assault with a deadly weapon, a second degree felony,[2] by intentionally, knowingly, and recklessly causing bodily

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West 2017).

[2] *See* TEX. PENAL CODE ANN. § 22.02(a)(2), (b) (West 2019).

injury to another by striking that person with a machete, and using or exhibiting a deadly weapon, i.e., a machete, during the commission of the offense. Appellant pleaded "guilty" to the charged offense. The trial court accepted Appellant's plea, found the evidence sufficient to substantiate Appellant's guilty plea, deferred further proceedings without entering an adjudication of guilt, and ordered that Appellant be placed on deferred adjudication community supervision for ten years.

Later, the State filed two motions, a motion to revoke community supervision in the possession of controlled substance offense, and a motion to proceed with an adjudication of guilt and sentence in the aggravated assault with a deadly weapon offense. The motions alleged, in part, that Appellant violated the terms of his community supervisions when he committed the offense of evading arrest or detention. At the hearing on the State's motions, Appellant pleaded "not true" to this allegation.

Jacob Sumrall, a patrol corporal with the Athens Police Department, testified that he knew Appellant, having dealt with him on two previous occasions. On the date of the alleged incident, Sumrall was at the police department in Athens, Texas, completing reports when he received a telephone call from the dispatcher about a possible disturbance in the parking lot. The dispatcher informed him that she could hear screaming and that one vehicle appeared to be trying to hit another vehicle. Sumrall and Sergeant Billy Westover went to the parking lot, and observed a white GMC sport utility vehicle and a white truck facing one another, approximately fifteen feet apart. The vehicles' windows were down and a black female, later identified at Kassandra Jackson, was driving the white truck. Sumrall identified Appellant as the driver of the SUV. Sumrall stated that Kassandra was crying. He approached the SUV and shone his flashlight through the passenger window. Sumrall identified Appellant in the driver's side of the vehicle. He called Appellant by name and advised him to stop and exit the vehicle. Appellant made eye contact with Sumrall and shifted his vehicle in reverse while Sumrall was still ordering him to stop and calling him by name. Sumrall got into his patrol car and followed Appellant's vehicle as he exited the parking lot, turned onto another street, and drove through several intersections. At one point, Sumrall could see the taillights of Appellant's vehicle reflect a stop. When he approached another intersection, Sumrall discovered that Appellant's vehicle struck a tree, but no one was in the vehicle. He unsuccessfully attempted to locate Appellant. After the

2

incident, Sumrall discovered that Appellant's son shares the same name as Appellant but Sumrall denied knowing this fact at the time of the alleged incident or ever meeting Appellant's son.

Westover, a patrol sergeant with the Athens Police Department, testified to observing two vehicles facing each other in the parking lot, approximately ten feet apart, on the night of the incident. Westover heard the female in the white truck yelling for help and observed Appellant in the SUV. He stated that he knew Appellant and had no "doubt" that it was Appellant in the SUV. He ordered Appellant to turn off and exit his vehicle, but Appellant looked at the officers, reversed, and exited the parking lot. After Sumrall followed Appellant, Westover spoke to Kassandra who identified Appellant as the person in the SUV. She told Westover that Appellant began chasing her vehicle and she drove to the parking lot of the police department, believing that he would not follow her into the parking lot. Westover knew Appellant had a son by the same name, but he had never seen the son.

Kassandra testified that on the date of the incident, she was driving a white truck when she noticed a SUV following her. She identified the vehicle as one that Appellant's son drove and stated that Appellant's son was her former boyfriend. However, Kassandra stated that she could not identify the driver of the SUV because of the vehicle's tinted windows. After driving into the police department parking lot, Kassandra began blowing her horn and screaming. She stated that two police officers came out and the SUV left. She told the officer that the driver of the SUV was "Paul Jackson," but did not state that it was Appellant. According to Kassandra, she never saw the driver of the SUV. However, she informed Appellant's attorney that Appellant's son was the driver of the SUV.

Katina Jackson, Appellant's sister, testified that she and Appellant live together. She stated that on the night of the incident, Appellant was home when she arrived at approximately 8:30 p.m. She believed he was at home all night because he was there when she woke up the next morning. Katina stated that Appellant drives a white SUV, suffers from gout, uses a cane, and cannot run. She stated that on the night of the incident, Appellant's foot was swollen. She did not believe that he would have been able to "jump out of a vehicle and run away." Katina stated that the wreck occurred a block from her house and that Appellant could walk a block with his cane.

After the hearing, the trial court found the allegation that Appellant committed the offense of evading arrest or detention to be "true." The trial court granted the State's motion to

revoke on the possession of a controlled substance, namely cocaine, in an amount of less than one gram, and assessed Appellant's punishment at confinement in a state jail facility for two years and a $500.00 fine. Further, the trial court granted the State's motion to adjudicate Appellant's guilt, adjudicated Appellant "guilty" of aggravated assault with a deadly weapon, and assessed his punishment at fifteen years of imprisonment and a $500.00 fine. The trial court ordered that the sentences run concurrently. These appeals followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed briefs in compliance with *Anders* and *Gainous*, stating that she diligently reviewed the appellate records and is of the opinion that the records reflect no reversible error and that there is no error upon which an appeal in each case can be predicated. From our review of counsel's briefs, it is apparent that counsel is well acquainted with the facts in these cases. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's briefs present a chronological summation of the procedural history of each case, and further state that counsel is unable to raise any arguable issues for appeal in either case.[3] We have reviewed the records for reversible error and have found none. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

## CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw in both cases. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motions for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motions for leave to withdraw are hereby *granted*, all pending motions are overruled as moot, and the trial court's judgments are *affirmed*. *See* TEX. R. APP. P. 43.2.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgments to Appellant and advise him of his right to file a petition for discretionary review in each case. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 22 S.W.3d at 411

---

[3] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the briefs, notified Appellant of her motions to withdraw as counsel, informed Appellant of his right to file a pro se response in each case, and took concrete measures to facilitate Appellant's review of the appellate records. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own briefs. The time for filing such briefs has expired and no pro se briefs have been filed.

n.35.  Should Appellant wish to seek further review of these cases by the Texas Court of Criminal Appeals, he must either retain an attorney to file petitions for discretionary review or he must file a pro se petition for discretionary review in these cases.  *See **In re Schulman***, 252 S.W.3d at 408 n.22.  Any petitions for discretionary review must be filed within thirty days from the date of either this opinion or, if motions for rehearing are filed, the date that the last timely motion for rehearing is overruled by this court.  *See* TEX. R. APP. P. 68.2(a).  Any petitions for discretionary review must be filed with the Texas Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3.  Any petitions for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered September 9, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 2, 2020**

**NO. 12-19-00306-CR**

**PAUL RAY JACKSON, SR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 173rd District Court
of Henderson County, Texas (Tr.Ct.No. CR16-0922-173)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 2, 2020**

**NO. 12-19-00307-CR**

**PAUL RAY JACKSON, SR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 173rd District Court
of Henderson County, Texas (Tr.Ct.No. CR18-0704-173)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*